UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **07-61295 CIV-COHN**

MAGISTRATE JUDGE SELTZER

REINALDO RAMON LAMONICA and
RONALDO GOMEZ MORSA, on behalf
of themselves and other employees similarly
situated,

        Plaintiffs,

**JURY TRIAL DEMANDED**

v.

**COLLECTIVE ACTION**

SAFE HURRICANE SHUTTERS, INC.,
a Florida corporation d/b/a ADVANCED
HURRICANE PROTECTION, and EDWARD
LEIVA,

FILED by ____ D.C.
INTAKE
SEP 12 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

        Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, REINALDO RAMON LAMONICA ("LAMONICA") and RONALDO GOMEZ MORSA ("GOMEZ MORSA"), on behalf of themselves and other employees similarly situated, by and through their undersigned attorney, files this, their Complaint for Damages against Defendants, SAFE HURRICANE SHUTTERS, INC., a Florida corporation, d/b/a ADVANCED HURRICANE PROTECTION (hereinafter "SHUTTERS"), and EDWARD LEIVA (hereinafter "LEIVA") and states as follows:

### INTRODUCTION

This is an action to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA").

## JURISDICTION

1. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 28 U.S.C. §1343. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

2. The Defendants, SHUTTERS and LEIVA, are subject to the personal jurisdiction of the State of Florida because they engage in substantial and not isolated activity within Florida.

3. The Defendants, SHUTTERS and LEIVA, are also subject to the personal jurisdiction of the State of Florida because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

4. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in Broward County, Florida, in the Southern District of Florida;

   b. Defendants were and continue to be Florida corporation and an individual doing business within this judicial district.

## PARTIES

5. At all times material hereto, Plaintiffs, LAMONICA and GOMEZ MORSA, were and continue to be a residents of Broward County, Florida, and were "employee[s]" of the respective Defendants within the meaning of the FLSA.

6. At all times material hereto, Defendant, LEIVA, was a supervisor for and owner of the Defendant corporation and was conducting business in Broward County, Florida. He is a "person" within the meaning of the FLSA.

7. At all times material hereto, Defendants were the employers of Plaintiffs, LAMONICA and GOMEZ MORSA.

8. At all times material hereto, Defendants were and continue to be "employers" within the meaning of the FLSA.

9. At all times material hereto, LEIVA, knowingly and willfully failed to pay LAMONICA and GOMEZ MORSA their lawfully earned wages in conformance with the FLSA.

10. LEIVA committed a willful and unlawful violation of the FLSA and, therefore, is personally liable for monetary damages.

11. At all times material hereto, Defendant, SHUTTERS, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, the work performed by Plaintiffs, LAMONICA and GOMEZ MORSA, were directly essential to the business performed by SHUTTERS and LEIVA.

13. Plaintiffs, LAMONICA and GOMEZ MORSA, have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

14. In or about January 2006, Plaintiff, LAMONICA was hired by the Defendants to work as a driver and warehouseman.

15. During Plaintiff, LAMONICA's employment, Defendants paid LAMONICA an hourly rate of about $12.00.

16. In or about December 2006, Plaintiff, GOMEZ MORSA was hired by the Defendants to work as a hurricane shutter installer.

17. During Plaintiff, GOMEZ MORSA's employment, Defendants paid GOMEZ MORSA a weekly rate of $700.00.

18. Throughout LAMONICA and GOMEZ MORSA's employment, they regularly worked over forty (40) hours per week.

19. During LAMONICA and GOMEZ MORSA's employment, they worked hours for which they received no wages, including not receiving the applicable statutory minimum wage.

20. Defendants knowingly and willfully operated their businesses with a policy of not paying either the FLSA minimum wage or the overtime rate of time and one-half for hours worked in excess of the maximum hours provided by the FLSA, to the Plaintiffs.

21. LEIVA, was a supervisor who was involved in the day-to-day operation of the Defendant corporation, and was directly responsible for the supervision of Plaintiffs. Therefore, he is personally liable for the FLSA violations.

22. Plaintiffs have retained Bober & Bober, P.A. to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

23. Plaintiffs reallege and reaver Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Plaintiffs, LAMONICA and GOMEZ MORSA's employment with Defendants was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

25. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages of at least $5.15 per hour.

26. Plaintiffs worked hours for the Defendants for which they were not paid the statutory minimum wage.

27. Plaintiffs made repeated demands that they be paid their lawfully due wages, but Defendants refused.

28. Defendants' violation of the FLSA concerning payment of minimum wages was willful.

29. Defendants knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages to the Plaintiffs.

30. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiffs respectfully request:

a.  judgment in their favor for all unpaid minimum wages due or payable;

    b.    liquidated damages;

    c.    attorney's fees and costs pursuant to the FLSA;

    d.    postjudgment interest; and

    e.    all other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

31. Plaintiffs reallege Paragraphs 1 through 22 as if fully stated herein.

32. Since Plaintiffs' date of hire with Defendants, in addition to Plaintiffs, LAMONICA and GOMEZ MORSA's normal regular work week, Plaintiffs worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

33. Plaintiffs, LAMONICA and GOMEZ MORSA, were entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

34. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked by LAMONICA and GOMEZ MORSA in excess of the maximum hours provided for in the FLSA.

35. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs, LAMONICA and GOMEZ MORSA, intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

36. Defendants, knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, LAMONICA and GOMEZ MORSA, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

37. Defendants failed to properly disclose or apprise Plaintiffs, LAMONICA and GOMEZ MORSA, of their rights under the FLSA.

38. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs, LAMONICA and GOMEZ MORSA, are entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs, LAMONICA and GOMEZ MORSA, have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

40. Plaintiffs is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs, LAMONICA and GOMEZ MORSA, respectfully request that judgment be entered in their favor against the Defendants:

    a.    Declaring that Defendants, individually and/or collectively, have violated the maximum hour provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiffs overtime compensation in the amount calculated;

    c.    Awarding Plaintiffs liquidated damages in the amount calculated;

    d.    Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiffs postjudgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION (FLORIDA MINIMUM WAGE AMENDMENT)

41. Plaintiffs, LAMONICA and GOMEZ MORSA, reallege Paragraphs 1 through 22 as if fully stated herein.

42. Pursuant to Article X, Section 24 of the Florida Constitution, Plaintiffs, LAMONICA and GOMEZ MORSA were entitled to be compensated at no less than the state mandated $6.40 minimum wage for all hours worked.

43. During Plaintiffs, LAMONICA and GOMEZ MORSA's employment, Defendants paid them less than the statutory minimum wage for some of their work hours.

WHEREFORE, Plaintiffs, LAMONICA and GOMEZ MORSA, respectfully request that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiffs at or above the Florida minimum wage;

b. Awarding Plaintiffs all back wages due and owing;

c. Awarding Plaintiffs liquidated damages in the amount equal to their back wages;

d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiffs postjudgment interest;

---

BOBER & BOBER, P.A.
1930 Tyler Street ●Hollywood, Florida  33020 ● Phone (954) 922-2298● Fax (954) 922-5455

 f. Finding that Defendant willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation; and,

 g. Awarding such other and further relief this Court deems to be just and proper.

## COUNT IV
## COLLECTIVE ACTION FOR OTHER EMPLOYEES SIMILARLY SITUATED

44. Plaintiffs reallege Paragraphs 1 through 22 as if fully stated herein.

45. Pursuant to 29 U.S.C. § 216, Plaintiffs provided a statutory right to bring this action on behalf of themselves and other employees similarly situated.

46. It is the policy of the Defendants not to pay their hourly employees and installers at least the minimum wage for all hours worked by them.

47. Houry workers at the Defendants' business, who do manual labor or drive, do not receive overtime compensation at the lawfully required rate of time and one-half for all hours worked in excess of forty-hours per workweek.

48. Plaintiffs, LAMONICA and GOMEZ MORSA, intend to obtain the names of other employees similarly situated, both current and former, by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend their Complaint for Damages to set forth the names of such employees and the amounts of unpaid FLSA minimum wages and overtime compensation, respectively, due to them.

WHEREFORE, Plaintiffs, LAMONICA and GOMEZ MORSA, respectfully request on behalf of other employees similarly situated as aforesaid, that judgment be entered in their favor against Defendants, SHUTTERS:

a. Declaring that Defendants, jointly and severally, violated the overtime provisions of 29 U.S.C. § 207 and 29 U.S.C. 206;

b. Awarding other employees similarly situated overtime compensation, minimum wage compensation, and other benefits, respectively, in the amount calculated;

c. Awarding other employees similarly situated, liquidated damages in the amount calculated;

d. Awarding said employees similarly situated attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding said employees similarly situated post-judgment interest; and

f. Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

DATED: September 11, 2007.

Case 0:07-cv-61295-JIC   Document 1   Entered on FLSD Docket 09/13/2007   Page 11 of 12

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiffs
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: _____
PETER BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248

BOBER & BOBER, P.A.
1930 Tyler Street •Hollywood, Florida  33020 • Phone (954) 922-2298• Fax (954) 922-5455

11

JS 44
(Rev 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**MAGISTRATE JUDGE**
**SNOW**

**I. (a) PLAINTIFFS**
REINALDO RAMON LAMONICA and RONALDO GOMEZ MORSA, on behalf of themselves and other employees similarly situated,

**DEFENDANTS**
SAFE HURRICANE SHUTTERS, INC., a Florida corporation d/b/a ADVANCED HURRICANE PROTECTION, and EDWARD LEIVA,

CIV-COHN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

**07-61295**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

INTAKE

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Bober & Bober, P.A., 1930 Tyler Street, Hollywood, FL 33020, (954) 922-2298

ATTORNEYS (IF KNOWN)

SEP 12 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**(d)** CIRCLE COUNTY WHERE ACTION AROSE  DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

0:07CV61295-Cohn-BSS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 US Government Plaintiff
- ☒ Federal Question (U.S. Government Not a Party)
- ☐ 2 US Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 365 Personal Injury – Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)  Fair Labor Standards Act, 29 U.S.C. 201 et seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE  September 11, 2007

SIGNATURE OF ATTORNEY OF RECORD
Peter J. Bober

FOR OFFICE USE ONLY

RECEIPT # 540958  AMOUNT 350 00  APPLYING IFP _____  JUDGE _____