UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61295-CIV COHN/SELTZER

REINALDO RAMON LAMONICA and
REINALDO GOMEZ MORSA, et al., on
behalf of themselves and other employees
similarly situated,

        Plaintiffs,
v.

SAFE HURRICANE SHUTTERS, INC., a
Florida corporation d/b/a ADVANCED
HURRICANE PROTECTION, EDWARD
LEIVA, STEVE HEIDELBERGER and
FRANCIS McCARROLL

        Defendants.
_____

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon Plaintiffs' Motion for Partial Summary Judgment as to Jurisdiction Under the Fair Labor Standards Act and Individual Liability [DE 59] ("Plaintiffs' Motion") and Defendants Safe Hurricane Shutters, Inc., Steve Heidelberger, and Francis McCarroll's Motion for Summary Judgment [DE 63] ("Defendants' Motion").[1]  The Court has considered the motions, Plaintiffs' Statement of Material Facts [DE 60] ("Plaintiffs' Facts"), Defendants' Response to Plaintiffs' Motion for Summary Judgment [DE 64] ("Defendants' Response"), Defendants' Notice of Dispositive Case Authority in Opposition to Plaintiffs' Motion for Summary Judgment

---

[1] Defendant Edward Leiva filed a Notice of Joinder in Defendants' Motion [DE 77].

1

[DE 75] ("Defendants' Case Law"), Plaintiffs' Response in Opposition to Defendants' Notice of Dispositive Case Authority [DE 76] ("Plaintiffs' Response to Case Law"), Defendants' Reply in Support of their Notice of Dispositive Case Authority in Opposition to Plaintiffs' Motion for Summary Judgment [DE 82] ("Defendants' Reply to Case Law"), Defendants' Notice of Supplemental Authority in Support of Their Motion for Summary Judgment [DE 72] ("Defendants' Case Law in Support 1"), Defendants' Notice of Supplemental Authority in Support of Their Motion for Summary Judgment [DE 73] ("Defendants' Case Law in Support 2"),  Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment [DE 79] ("Plaintiff's Response"), Plaintiffs' Statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment [DE 80] ("Plaintiffs' Response to Facts"), Defendants' Reply in Support of their Motion for Summary Judgment [DE 86] ("Defendants' Reply") and is otherwise advised in the premises.

## I. BACKGROUND

Plaintiffs[2] filed a four count Amended Complaint against Safe Hurricane Shutters, Inc. d/b/a Advanced Hurricane Protection ("Shutters"), Edward Leiva ("Leiva"), Steve Heidelberger ("Heidelberger") and Francis McCarroll ("McCarroll").  The Amended Complaint has three substantive counts alleging violations of 29 U.S.C. § 206 for unpaid minimum wages (Count I), violations of 29 U.S.C. § 207 for unpaid overtime

---

[2] The Plaintiffs in this action are Reinaldo Ramon Lamonica ("Lamonica"), Ronaldo Gomez Morsa ("Gomez Morsa"), Augustin Milan ("Milan"), Angeles Lamonica Soler ("Soler"), Mario Feliciano ("Feliciano"), Guillermo Alborez, Julio Alborez, Giovani Perez ("Perez"), and Pedro Lopez Vasquez ("Vasquez") (hereinafter collectively referred to as "Plaintiffs").  Perez and Vasquez are proceeding *pro se*. (Order Granting in Part Motion to Withdraw, DE 61.)

(Count II), and violations of Article X, § 24, of the Florida Constitution (Count III).[3] Plaintiffs allege that regularly worked over forty hours per week and worked hours for which they received no wages. (Amended Complaint, DE 37, p. 4-5.) Plaintiffs argue that "Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the overtime rate of time and one-half for hours worked in excess of the maximum hours provided by the FLSA. . . ." (Amended Complaint, DE 37, p. 5.) It is alleged that Leiva, Heidelberger and McCarroll are personally liable because they were supervisors who were involved in the day-to-day operation of Shutters and were directly responsible for the supervision of Plaintiffs and/or had operational control of Shutters. (Amended Complaint, DE 37, p. 5.)

The main issue in the competing motions for Summary Judgment is whether this action, and the Court's subject matter jurisdiction, is governed by the Fair Labor Standard Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiffs argue that the Court has subject matter jurisdiction pursuant to the enterprise theory of the FLSA . (Plaintiffs' Motion, DE 59, p. 6-11.) Plaintiffs state that an alternative ground for finding FLSA coverage is Shutters' construction activity. (Plaintiffs' Motion, DE 59, p. 6-11.) Plaintiffs also aver that Defendants Leiva, Heidelberger, and McCarroll are individually liable under the FLSA. (Plaintiffs' Motion, DE 59 p. 2-6.) Defendants argue vigorously in opposition to these issues and raise additional grounds for granting summary judgment in their favor such as: Lamonica testified that he was abandoning his claims against the individual Defendants, Plaintiffs can only guess as to the hours they worked, Plaintiffs

---

[3] Count IV states that this action is a collective action. (Amended Complaint, DE 37, p. 9-10.)

are illegal immigrant workers who are not entitled to relief under the FLSA and Gomez Morsa and others failed to appear for their depositions and should be struck as Plaintiffs. (Defendants' Motion, DE 63, p. 1 - 2.)

## II. ANALYSIS

### A. Legal Standard for Motion for Summary Judgment

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For example, if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, [then] there is 'no genuine issue for trial.'" Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). When making this determination, the court "must view all the evidence and all factual inferences reasonable drawn from the evidence in the light most favorable to the nonmoving party." Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir. 1997).

Additionally, "[w]here the non-moving party fails to prove an essential element of its case for which it has the burden of proof at trial, summary judgment is warranted." Navarro v. Broney Automotive Repairs, Inc., 533 F. Supp. 2d 1223, 1225 (S.D.Fla. 2008), aff'd 2008 WL 2315869 (11th Cir. 2008) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). According to the plain language of Fed. R. Civ. P. 56(e), "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Essentially, so long as

the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

### B. Enterprise Coverage

To establish a claim for overtime compensation under the FLSA, Plaintiffs must show that either they were engaged in commerce or in the production of goods for commerce (individual coverage) or, that Shutters is an enterprise engaged in commerce or in the production of goods for commerce (enterprise coverage). See 29 U.S.C. §207(a)(1). Plaintiffs argue that the FLSA governs this action because there is enterprise coverage. (Plaintiffs' Motion, DE 59, p. 6-10; Plaintiffs' Response, DE 79, p. 2.) An enterprise engaged in commerce or in the production of goods for commerce is defined as an enterprise that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)

29 U.S.C. 203(s)(1)(A).[4]

> The regulation interpreting the FLSA clarifies that:
>
> An enterprise . . .will be considered to have employees engaged in commerce or in the production of goods for commerce, including the handling, selling or otherwise working on goods that have been moved in or produced for commerce by any person, if . . . it regularly and recurrently has at least two or more employees engaged in such activities. On the other hand, it is plain that an enterprise that has employees engaged in such activities only in isolated or sporadic occasions, will not meet this condition.

29 C.F.R. § 779.238. The term goods does not include "goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." 29 U.S.C. 203(i); Scott v. K.W. Max Investments, Inc., 256 Fed. Appx. 244, 248 (11th Cir. 2007). It appears that when analyzing what constitutes "engaged in commerce" for enterprise coverage, courts may look to the definitions used in individual coverage cases. See cf Scott, 256 Fed. Appx. at 248 (citing Thorne v. All Restoration Servs., 448 F.3d 1264, 1265-66 (11th Cir. 2006)); Bien-Aime v. Nanak's Landscaping, Inc., 2008 WL 3892160 (S.D.Fla. Aug. 12, 2008) (citing Thorne to define "in commerce" for enterprise coverage); Polycarpe v. E & S Landscaping, Inc., 2008 WL 3866498 (S.D.Fla. Aug. 15, 2008). Therefore, to qualify as an enterprise 'engaged in commerce' under the FLSA, Shutters must have two or more employees that are "directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce . . . or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g.

---

[4] Defendants concede that Shutters' annual gross volume of sales made or business done is more than $500,000. (Defendants' Motion, DE 63, p. 26.)

regular and recurrent use of interstate telephone, telegraph, mails, or travel." Thorne, 448 F.3d at 1266.

Plaintiffs state that they have raised at least a genuine issue of material fact regarding enterprise coverage. Plaintiffs highlight the affidavit of Mario Feliciano which states in part that Leiva and McCarroll:

> often indicated that the material we used (particularly the blades used for the hurricane shutters) were from the country of Colombia. I particularly recall this, because they would comment that the materials we used from Colombia were less expensive and sometimes defective. We used those blades from Colombia on a regular and constant basis during my employment.

(Affidavit of Mario Feliciano, DE 60-5, p. 2.) Viewing this evidence in a light most favorable to the Plaintiffs, the statement fails to raise genuine issues of material fact. First and foremost, the affidavit does not explain whether the materials were directly purchased from Colombia or whether Shutters purchased the Colombian materials from local suppliers. As a result, the statement is vague and fails to raise more than "[a] mere 'scintilla' of evidence supporting the opposing party's position." Walker v. Darby, 911 F.2d at 1577. Furthermore, the conclusory legal statement that "[w]e used those blades from Colombia on a regular and constant basis" does not provide support for the essential element of the case - enterprise coverage under the FLSA - because the statement fails to establish how the purported Colombian blades were purchased. (Feliciano Deposition, DE 60-5, p. 2); See Navarro, 533 F. Supp. 2d at 1225 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

Plaintiffs also point to the testimony of Heidelberger as raising a genuine issue of material fact regarding enterprise coverage under the FLSA. (Plaintiffs' Motion, DE 59, p. 8.) Heidelberger's testimony clarifies Feliciano's statement that the materials were

7

from Colombia. Heidelberger was asked "[t]hese slats, do you know whether those slats [sic] were purchased by Safe Hurricane Shutters from a manufacturer or distributer outside the State of Florida?" (Heidelberger Deposition, DE 60-6, p. 9.)[5] Heidelberger responded, "I think for the most part they were within the State of Florida. Maybe on one or two occasions they were outside the State of Florida." (Id.) Heidelberger goes on to explain that, to the best of his knowledge, some blades were manufactured in Colombia but, "they were purchased through a supplier in Florida." (Heidelberger Deposition, DE 60-6, p. 10.)

Viewing the evidence in a light most favorable to Plaintiffs, and assuming Shutters did purchase goods from Colombia on one or two occasions, this is considered isolated or sporadic activity and does not satisfy the interstate commerce prong of enterprise coverage. See Scott, 256 Fed. Appx. at 248; 29 C.F.R. §779.238. Aside from one or two occasions, Shutters purchased its goods from local companies and used the goods in Shutters' local business installing hurricane shutters. (Heidelberger Deposition, DE 60-6, p. 10; Leiva Deposition, DE 63-14, p. 4 - 6; McCarroll Deposition, DE 60-7, p. 5-8.) For purposes of FLSA coverage, the term goods "does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." 29 U.S.C. 203(i); Scott, 256 Fed. Appx. at 248. For example, the Eleventh Circuit stated, in an individual coverage dispute, that:

> the fact that some of the tools he purchased may have crossed state lines at a previous time does not in itself implicate interstate commerce. . . .

---

[5] For ease of reference the Court uses the CM/ECF pagination.

> Courts distinguish between merchants who bring commerce across state lines for sale and the ultimate consumer, who merely purchases goods that previously moved in interstate commerce for intrastate use. Therefore, a customer who purchases an item from Home Depot is not engaged in commerce even if Home Depot previously purchased it from out-of-state wholesalers.

Thorne, 448 F.3d at 1267; see also Navarro, 533 F. Supp. 2d at 1226. Therefore, Shutters' purchase of items from local suppliers does not mean that Shutters is engaging in interstate commence even if the local suppliers purchased the item from Colombia. 29 U.S.C. 203(i); Thorne, 448 F.3d at 1267; Scott, 256 Fed. Appx. at 248. As a result, there is no enterprise coverage under the FLSA. Since there are no genuine issues of material fact, Defendants are entitled to judgment as a matter of law.

Plaintiffs argue that the mere fact that Shutters grossed more than $500,000 during the relevant period should suffice for enterprise coverage under the FLSA. (Plaintiffs' Motion, DE 59, p. 6-7.) Plaintiffs urge the Court to adopt the reasoning in Daniel v. Pizza Zone Italian Grill & Sports Bar Inc., 2008 U.S.Dist LEXIS 23007 (M.D.Fla. 2008), described by Plaintiffs as requiring a lesser showing of interstate commerce because virtually every business meeting the annual gross value requirement is covered. (Id.) The procedural posture of Pizza Zone is important. In that case the Court was addressing a motion to dismiss. Significantly, the Court noted that "bare bones allegations are acceptable for 'enterprise' coverage, and it is best that discovery proceed and the issues concerning gross sales and type of interstate activity be left for summary judgment or trial." Id., at *6 (quoting Farrell v. Pike, 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004). Here, the parties have completed discovery and are on the eve of trial. At this stage the non-moving party must prove the essential elements of its

9

case for which it has the burden of proof at trial, otherwise, summary judgment is warranted. See Navarro, 533 F. Supp. 2d at 1225(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Merely satisfying the $500,000 in gross sales requirement is not enough to establish liability under the FLSA. See cf Sandoval v. Florida Paradise Lawn Maintenance, 2008 WL 1777392, *7 (S.D.Fla. 2008). It is clear from the statute that both the interstate commerce requirement and the gross sales requirement must be met for enterprise coverage under the FLSA. See 29 U.S.C. 203(s)(1)(A).

### C. Coverage Because of Construction Activity

Plaintiffs argue that a former statutory provision, 29 U.S.C. § 203(s)(4), provides a secondary basis for coverage under the FLSA because of Shutters' construction activity. (Plaintiffs' Motion, DE 59, p. 10.) Setting aside whether Shutters' activities can even be considered construction, Plaintiffs' argument on this issue borders on frivolity. Section (s)(4) of 29 U.S.C. §203 no longer exists.

Plaintiffs highlight two cases in support of their argument that Defendants' construction work results in coverage under the FLSA. First, Donovan v. S & L Development, Co., 647 F.2d 14 (9th Cir. 1981) is a case that specifically interprets the section of the statute that is no longer present. Given the current configuration of the statute, and the absence of the section that the Ninth Circuit Court of Appeals relied on, this case is entirely unpersuasive for finding coverage under the FLSA because of construction activity. Plaintiffs also cite Reich v. Masantucket Sand & Gravel, 95 F.3d 174 (2nd Cir. 1996) and state that as late as 1996 "the Second Circuit found construction work in and of itself to trigger interstate commerce." (Plaintiffs' Response Case Law, DE 76.) Defendants aptly point out that Reich was not a FLSA case, but an

OSHA case where the court was determining whether a Native American company's work on a reservation was subject to OSHA. (Defendants' Reply to Case Law, DE 82, p. 2.) The Reich Court found that construction efforts on the hotel and casino, even though they occur solely on the reservation, had a direct effect on interstate commerce. Reich, 95 F.3d at 181. When making this statement the Court cited to Donovan for the proposition that "any construction work, regardless of the size or duration of the project is likely to have an effect on interstate commerce." Id. The Reich Court did not discuss any repeal of the statutory section on which Donovan relied or why or if such an analysis should continue in the FLSA context. The Court does not consider the Reich decision persuasive or applicable. Defendants' alleged construction activity does not provide a basis for coverage under the FLSA.

## III. CONCLUSION

In light of the above analysis, there is no enterprise coverage under the FLSA. The Court need not address the other bases asserted by the Defendants in support of summary judgment. It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion for Partial Summary Judgment as to Jurisdiction Under the Fair Labor Standards Act and Individual Liability [DE 59] is **DENIED**.

2. Defendants Safe Hurricane Shutters, Inc., Steve Heidelberger, and Francis McCarroll's Motion for Summary Judgment [DE 63] is **GRANTED**. Defendants are entitled to Judgment as a matter of law.

3. The Clerk of Court shall **CLOSE** this case and **DENY** all pending motions as **MOOT**.

4.  This case is removed from the Court's trial calendar.

5.  A separate Final Judgment will be entered in accordance with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 23rd day of September, 2008.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record on CM/ECF
*Pro se* parties