UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61295-CIV COHN/SELTZER

REINALDO RAMON LAMONICA, et al.,
on behalf of themselves and other
employees similarly situated,

        Plaintiffs,
v.

SAFE HURRICANE SHUTTERS, INC.,
a Florida corporation d/b/a ADVANCED
HURRICANE PROTECTION, EDWARD
LEIVA, STEVE HEIDELBERGER and
FRANCIS McCARROLL

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR INVOLUNTARY DISMISSAL**

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Permit Plaintiffs Reinaldo Lamonica and Angeles Lamonica-Soler to Appear at Trial via Video Conference or Alternatively for their Claims at Trial to Be Prosecuted via Deposition Testimony and/or Testimony of Other Plaintiffs [DE 131] ("Motion").  The Court has reviewed the Motion, all of the parties' submissions, heard argument of counsel, and is otherwise advised in the premises.

    Federal Rule of Civil Procedure 43(a) provides as follows:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.  For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

1

Fed. R. Civ. P. 43(a).  Here, Plaintiffs Reinaldo Lamonica and Angeles Lamonica-Soler (collectively "Plaintiffs") desire to prosecute their claim via deposition testimony or video conference because they live outside the country and are not American citizens.  Thus, according to their counsel, it would be financially and logistically burdensome for them to attend trial.  See generally Motion.  The Court finds that Plaintiffs' reasons do not constitute "good cause in compelling circumstances" to allow for video testimony from a remote location.  Likewise, the Court finds that plaintiffs who procure their own absence at trial by voluntarily leaving the country are not entitled to prosecute their claim with deposition testimony.  See United States v. Kimball, 15 F.3d 54 (5th Cir. 1994).  Moreover, Plaintiffs have offered no evidence regarding their unavailability, but rely only on the representations of counsel.  Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Permit Plaintiffs Reinaldo Lamonica and Angeles Lamonica-Soler to Appear at Trial via Video Conference or Alternatively for their Claims at Trial to Be Prosecuted via Deposition Testimony and/or Testimony of Other Plaintiffs [DE 131] is **DENIED**.

**DONE AND ORDERED** in the Chambers of Fort Lauderdale, Broward County, Florida on this 18th day of February, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.